HOLZMAN v. KATZMAN et al.

(Supreme Court, Appellate Term. March 24, 1904.)

1. BUILDINGS—CONSTRUCTION—STATUTORY REGULATIONS.

Laws 1897, c. 415, § 20, as amended by Laws 1899, p. 351, c. 192, provides that all contractors and owners, when constructing buildings in cities, the plans and specifications for which require the floors to be arched between the beams thereof, or where the floors, or filling in between the floors, are of fireproof material or brickwork, shall complete the flooring or filling in as the building progresses, to not less than within three tiers of beams below that on which the ironwork is being erected, and, if the plans and specifications do not require the filling to be of fireproof material, all contractors for carpenter work shall lay the underflooring of each story as the building progresses to not less than two stories below the one to which the building has been erected. *Held*, that the division of buildings as to which the act was applicable depended not on whether the beams were iron or wooden, but whether the filling between the beams was to be of fireproof material.

2. SAME—INJURIES—STATUTES—FAILURE TO COMPLY—NEGLIGENCE.

Where plaintiff's injury was the proximate result of defendant's failure to comply with Laws 1897, c. 415, § 20, as amended by Laws 1899, p. 351, c. 192, requiring building contractors to complete the flooring or filling as the building progresses within three tiers of beams below that on which the ironwork is being erected, when the filling between the floors is to be of fireproof material, defendant was liable for such injury.

Appeal from City Court of New York, Trial Term.

Action by Samuel Holzman against John Katzman, impleaded with others. From a judgment in favor of plaintiff against all defendants, and from an order denying defendant Katzman's motion for a new trial, he appeals. Affirmed.

See 84 N. Y. Supp. 250.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Nadal, Smyth & Carrere (Edward P. Mowton, of counsel), for appellant.

Morris Cukor, for respondent.

¶ 2. See Master and Servant, vol. 34, Cent. Dig. § 177.

SCOTT, J.   The specifications for the building recited that the floor filling was to consist of brick arches.   The statute (section 20, c. 415, p. 468, Laws 1897, as amended by chapter 192, p. 351, Laws 1899) requires that:

"All contractors and owners when constructing buildings in cities, where the plans and specifications require the floors to be arched between the beams thereof, or where the floors or filling in between the floors thereof are of fireproof material or brick work, shall complete the flooring or filling in as the building progresses, to not less than within three tiers of beams below that on which the iron work is being erected.   If the plans and specifications of such building do not require filling in between the beams of floors with brick or fireproof material all contractors for carpenter work in the course of construction shall lay the underflooring thereof on each story as the building progresses to not less than two stories below the one to which such building has been erected."

The appellant contends that this divides buildings into two classes; one comprising such as have iron beams, and the other such as have wooden beams.   This is not the distinction pointed out by the statute. There are two classes, but they are contradistinguished according to whether or not the filling between the beams is to be of brick or fireproof material, or not.   The ironwork mentioned in the first clause of the section is not limited to iron beams, but to any ironwork necessary in the construction of the house.   It was therefore the duty of the defendant Katzman, as owner, to see to it that the floors were filled in as required by the statute.   In this duty he failed, and his failure was a direct cause of the accident by which the plaintiff was injured.   It can readily be seen that the danger from falling bricks and other material must be ever present during the construction of a building, and the completion of the floors as the building goes up tends to lessen this danger.   The ladder furnished for plaintiff's use was not in the opening left unfloored for stairways, but at some distance therefrom. If the floors had been laid as required by statute, the accident could not have occurred as it did.

Judgment affirmed, with costs.   All concur.